THANNHAUSER *v.* THE .CORTES Co. (Three Cases.)

*(Circuit Court, S. D. New York.* July 30, 1881.)

1. PRACTICE—CIRCUIT COURT—SECURITY FOR COSTS.

Security for costs, other than required by the rules, will not be required of a plaintiff in this court where the motion is made before answer, and the moving papers neither show any item of taxable costs or disbursements yet incurred, nor any steps taken which involved any disbursements, nor any itemized statement of extraordinary disbursements which are to be made at once in proceedings already taken.

*Bettens & Lilienthal,* for plaintiffs.

*L. E. Chittenden,* for defendants.

BROWN, D. J. The plaintiffs, who are now residents of this state, have brought these suits to recover their alleged claims growing out of a sale of mining property to the defendants. No security for costs having been filed, the defendants, before answer, now move upon affidavits for an order requiring the plaintiffs to file security for costs in the sum of $1,500 to $2,000 in each case. The defendants' affidavits tend to show that the transaction was fraudulent on the plaintiffs' part, but they do not show any item of taxable costs or disbursements yet incurred by them in either case, nor any steps yet taken which involved any disbursements whatever. The averments in this regard are entirely general, and in substance state only that large disbursements will be incurred in taking necessary testimony in Mexico, where the fees of commissioners, interpreters, and witnesses are alleged to be heavy. This is too general and too indefinite to warrant or to enable the court to fix any sum to be given as extraordinary security; nor do I think any order of that character should be made until after answer put in and the determination thereby of the precise issues to be tried, nor except upon a statement in detail of the items of extraordinary disbursements which either have been already incurred, or are immediately and necessarily impending, in proceedings already taken in the causes.

I have examined the papers in the *Emma Mine Cases,* and the orders made thereon by *Johnson,* J., in 1875, referred to by the defendant's counsel, and find that where he granted an order for $2,000 in one of these cases the moving affidavits specified in detail large disbursements already incurred sufficient to call for the order made, while in another of the cases specifying such details, but not in excess of the bond already filed, he refused to order further

security. If, as defendants allege, the plaintiffs are insolvent, (though that is denied by them,) the court ought to be only the more cautious not to interpose any impediments in the way of their prosecuting any legal claim they may have except upon clear evidence of its necessity to protect the defendants' rights, and then to no greater extent than manifest necessity requires. The practice in the state courts, where the right to large costs and extra allowances by way of costs may arise prospectively from the commencement of the action, cannot apply to actions in this court, where such costs and allowances are unknown, and where large actual disbursements are the only ground of requiring extraordinary security.

The plaintiffs must give the ordinary security required by the rules, without prejudice to the right of the defendants hereafter to apply for further security upon proof of disbursements necessarily incurred in excess of the security filed.